# EXHIBIT A

| | |
|---|---|
| **From:** | Devin McRae |
| **To:** | Lens, Molly M.; Rebecca Claudat |
| **Cc:** | Seto, Cassandra |
| **Subject:** | RE: Grabow v. Netflix |
| **Date:** | Friday, November 22, 2024 5:19:03 PM |
| **Attachments:** | image001.jpg |
| | REZBALL0000001.pdf |

Thanks, Molly. Are you able to represent and will you be able to prove this copy of the Production Script **is precisely as it existed on April 28, 2023**?

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Friday, November 22, 2024 5:14 PM
**To:** Devin McRae <dmcrae@earlysullivan.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>
**Subject:** RE: Grabow v. Netflix

> You don't often get email from mlens@omm.com. Learn why this is important

Hi Devin (and Rebecca) –

Thanks for your email. Per our agreement as to its limited use, please see the attached and we'd ask that you please make sure that Mr. Grabow understands that it cannot be shared.

We also see that you've started to serve the Netflix Defendants. I'm hopeful that we'll be in a position to agree to waive serve per Rule 4 as to the balance next week (so we'd ask that you forbear from serving any of the individuals in the meantime) and, as to those already served, we appreciate your willingness to work with us on a response date, especially given the holidays.

Thanks – and have a good Thanksgiving if we don't connect before then.

Molly

# O'Melveny

**Molly M. Lens**
she, her, hers
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Devin McRae <dmcrae@earlysullivan.com>

Exhibit A

4

**Sent:** Monday, November 18, 2024 5:16 PM
**To:** Lens, Molly M. <mlens@omm.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>
**Subject:** RE: Grabow v. Netflix

[EXTERNAL MESSAGE]

Hello Counsel, pleased to meet you. Yes, please send us the Production Script precisely as it existed on April 28, 2023. We agree to use it solely for purposes of this litigation and to share it only with Mr. Grabow. It's possible that we will subsequently request permission to share it with our retained substantial similarity expert consultant (who of course would likewise treat it confidentially) but we and our clients will review it first and do so promptly. How about you agree to accept service on behalf of the Netflix Defendants, and we will stipulate to a reasonable extension of time to respond to the complaint if necessary? Thank you, Devin



**DEVIN A. McRAE** | PARTNER
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4661 Direct
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
dmcrae@earlysullivan.com

---

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Monday, November 18, 2024 4:49 PM
**To:** Devin McRae <dmcrae@earlysullivan.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>
**Subject:** Grabow v. Netflix

> Some people who received this message don't often get email from mlens@omm.com. Learn why this is important

Counsel –

Please see the attached.

Thank you,

Molly

### O'Melveny

**Molly M. Lens**
she, her, hers
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

Exhibit A
5

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

Exhibit A

6

# EXHIBIT B

| | |
|---|---|
| **From:** | Lens, Molly M. <mlens@omm.com> |
| **Sent:** | Monday, January 6, 2025 12:20 PM |
| **To:** | Devin McRae; Rebecca Claudat |
| **Cc:** | Seto, Cassandra; Billington, Nicole |
| **Subject:** | RE: Grabow v. Netflix |
| **Attachments:** | Rez Ball Pink Script - 04282023 |

Devin –

We are frustrated and disappointed that you have decided to renege on your agreement to provide us with a copy of *The Gift of the Game*. As we have discussed, it should have been attached to your complaint. *Cf. Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635024, at *10 (C.D. Cal. July 11, 2017) (granting motion to dismiss on copyright infringement claim, describing plaintiff's failure to attach the allegedly infringed materials to the complaint as "deliberate obfuscation"). Your refusal to provide the work on which your entire lawsuit is based speaks volumes, which we will raise with the Court at the appropriate time.

We also note your refusal to clarify the complaint's allegations regarding when Grabow even alleges the Netflix Defendants had access. But, in any event, we take your email as confirmation that Grabow does not allege the Netflix Defendants had access until "early 2024," which long postdates the production script.

Even though Grabow will not stand by his word—and even though Grabow will not provide information without formal discovery, we nevertheless attach here the April 28, 2023 transmittal email, including the attached production script, with a reminder that these documents are designated confidential and may only be used consistent with the agreement below. As you'll see, these documents provide irrefutable evidence that—as we have said—the production script, including the elements that Grabow claims were borrowed from *The Gift of the Game*, existed over a year before Grabow alleges the Netflix Defendants had access. Accordingly, we ask—again—that Grabow voluntarily dismiss his complaint against the Netflix Defendants. Should Grabow persist with his baseless complaint, the Netflix Defendants intend to seek fees and, of course, will put this correspondence before the Court in support of such application.

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Devin McRae <dmcrae@earlysullivan.com>
**Sent:** Monday, December 30, 2024 12:25 PM
**To:** Lens, Molly M. <mlens@omm.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** RE: Grabow v. Netflix

Exhibit B
8

[EXTERNAL MESSAGE]

Thanks, Molly. On further contemplation, we have decided to wait until we are in the discovery phase to produce the script and other documents. Meanwhile, of course you're free and encouraged to send me whatever proof of independent creation you contend is dispositive, and we will seriously consider it and treat it confidentially as set forth below. For your question re access, please see the Complaint, especially ¶¶ 22-36 – we will propound discovery on, among other things, communications between those identified conduits of access and the Netflix Defendants. Frankly, we believe you will find one or more copies of my client's script in those communications.

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Monday, December 30, 2024 11:45 AM
**To:** Devin McRae <dmcrae@earlysullivan.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** RE: Grabow v. Netflix

Thanks, Devin.  Hope you and Rebecca are enjoying the holidays.  Please let us know when you're ready to exchange.  We are ready when you are.  Relatedly, please also let us know when you allege that the Netflix Defendants allegedly had access to *The Gift of the Game*.

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Devin McRae <dmcrae@earlysullivan.com>
**Sent:** Thursday, December 26, 2024 7:24 AM
**To:** Lens, Molly M. <mlens@omm.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** RE: Grabow v. Netflix

[EXTERNAL MESSAGE]

Good morning, Molly, please forgive my silence over the holidays. Yes, we would agree to treat that email and attachment in native format – along with any other evidence you have that proves the April 28, 2023 Production Script you sent is the exact version that existed on April 28, 2023 – confidential, and we would share them only with our client and forensic IT and substantial similarity consultants on a confidential basis. In return, I am prepared to send you copies of the script to which Plaintiff alleges Defendants had access. Best, Devin

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Friday, December 20, 2024 3:54 PM
**To:** Devin McRae <dmcrae@earlysullivan.com>; Rebecca Claudat <rclaudat@earlysullivan.com>

Exhibit B
9

**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** Grabow v. Netflix

Hi Devin –

Hope you're doing well.  As you'll recall, you requested proof that the April 28, 2023 Production Script existed as of April 28, 2023.  As you'll also recall, you suggested that we could provide such proof in the form of a transmittal email on or before April 28, 2023.  Per our discussion, we're pleased to report that we've identified an email transmitting the Production Script on April 28, 2023.  Provided you confirm that you'll treat the email and the attached script as confidential, as per the terms of our prior agreement, we're happy to send that transmittal over to you.   We look forward to your prompt rely, as we continue to believe that the Production Script is dispositive of your client's claims.

When we spoke last month, you also agreed to share a copy of *The Gift of the Game* script that Mr. Grabow alleges the Netflix Defendants had access to.  We'd appreciate receiving that script when you have a moment.

Thanks,

Molly


# O'Melveny

**Molly M. Lens**
she, her, hers
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

Exhibit B
10

# EXHIBIT C

Exhibit C
11

| | |
|---|---|
| **From:** | Lens, Molly M. <mlens@omm.com> |
| **Sent:** | Tuesday, January 21, 2025 2:35 PM |
| **To:** | Devin McRae; Rebecca Claudat |
| **Cc:** | Seto, Cassandra; Billington, Nicole |
| **Subject:** | RE: Grabow v. Netflix |

Hi Devin –

Thanks for your email. We don't agree with your position laid out below but look forward to discussing on Thursday, when we're generally open during your proposed window. We suggest that we speak at 11 am but are happy to move it later, if better on your end. I've pasted Zoom information below for the discussion.

We note that you didn't address our inquiry regarding our provision earlier this month of proof that the *Rez Ball* production script existed in April 2023. As you know, we've asked Grabow to dismiss his complaint based on this definitive evidence. To the extent that he's refusing to do so, we'd appreciate you telling us that and providing an explanation why Grabow contends that he can continue his case in good faith.

Thanks,

Molly

https://omm.zoom.us/j/81207123366?pwd=AFdMSQ64iVoAzxbiPv15oybarAVeAS.1

Meeting ID: 812 0712 3366
Passcode: 616278

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Devin McRae <dmcrae@earlysullivan.com>
**Sent:** Thursday, January 16, 2025 6:12 PM
**To:** Lens, Molly M. <mlens@omm.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** RE: Grabow v. Netflix

Hi Molly, we are safe and managing well and hope the same is for you and all your families. The staging of discovery should be addressed in our Rule 26(f) conference, the parties' joint report thereon and the Scheduling Order. A unilateral motion to stage discovery and file more than one summary judgment motion *before* the Rule 26(f) conference (and before all parties have been served and appeared) would not be well taken. Premature and inefficient. We may be able to agree to target/stage discovery directed to independent creation so long as we (i) agree that such discovery

Exhibit C
12

includes defendants' access to, possession and use of plaintiff's script at any time before *Rez Ball* was released (as the *factual* issues of independent creation and copying as a matter of *fact* go hand in hand) (ii) we defer discovery and motion practice on substantial similarity, i.e., copying as a matter of *law* as they say. I'm not available on Tuesday or Wednesday during the times you propose. However, I am available on Thursday (23rd) between 11 am and 3 pm to discuss these issues. Best, Devin

---

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Thursday, January 16, 2025 3:14 PM
**To:** Devin McRae <dmcrae@earlysullivan.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** RE: Grabow v. Netflix


Devin -

First and most importantly, we hope that you, Rebecca, and each of your families are safe and managing well despite the impacts of these fires.

Second, we trust that you and your client have now had a chance to review the April 28, 2023 transmittal email that attaches and authenticates the *Rez Ball* production script. In light of this dispositive evidence of independent creation, we reiterate our request that your client voluntarily dismiss his complaint against the Netflix Defendants.

If your client is unwilling to do so, we would like to continue the parties' prior discussion about the most efficient way to litigate this case—including your idea that the parties litigate independent creation as a threshold issue.

To this end, in the event that we do not move for immediate dismissal, we suggest the parties engage in an initial phase of discovery limited to the independent creation issue and submit the issue to the Court in an early, discrete motion for summary judgment prior to litigating the balance of the case. We believe—and hope you agree—that bifurcating discovery on and potentially resolving the independent creation issue is well within the Court's case-management authority and could potentially save both sides (and the Court) considerable resources. *See, e.g., Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970) (describing the district court's power "to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues").

If you agree, we are happy to draft and circulate a joint motion to the Court outlining this proposal. Our read of Judge Aenlle-Rocha's Standing Order is that we are required to seek Court approval by noticed motion because this plan could entail us filing more than one summary judgment motion. *See* Dkt. No. 21]at 9 ("If a party believes good cause exists for more than one summary judgment motion…, the party shall seek leave by noticed motion setting forth a detailed showing of good cause.").

We're hopeful that we can agree on this. If not, please treat this as a Local Rule 7-3 request to meet and confer on a unilateral motion and provide us with your availability for a call on January 21 at noon or January 22 between 11 am and 3 pm.

For the avoidance of doubt, we are still considering whether to move to dismiss or answer on February 3 and will be reaching out separately to confer on those grounds.

Thanks,

Molly

**Molly M. Lens**

Exhibit C
13

mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Lens, Molly M.
**Sent:** Monday, January 6, 2025 12:19 PM
**To:** 'Devin McRae' <dmcrae@earlysullivan.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** RE: Grabow v. Netflix


Devin –

We are frustrated and disappointed that you have decided to renege on your agreement to provide us with a copy of *The Gift of the Game*.  As we have discussed, it should have been attached to your complaint.  *Cf. Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635024, at *10 (C.D. Cal. July 11, 2017) (granting motion to dismiss on copyright infringement claim, describing plaintiff's failure to attach the allegedly infringed materials to the complaint as "deliberate obfuscation").  Your refusal to provide the work on which your entire lawsuit is based speaks volumes, which we will raise with the Court at the appropriate time.

We also note your refusal to clarify the complaint's allegations regarding when Grabow even alleges the Netflix Defendants had access.  But, in any event, we take your email as confirmation that Grabow does not allege the Netflix Defendants had access until "early 2024," which long postdates the production script.

Even though Grabow will not stand by his word—and even though Grabow will not provide information without formal discovery, we nevertheless attach here the April 28, 2023 transmittal email, including the attached production script, with a reminder that these documents are designated confidential and may only be used consistent with the agreement below.  As you'll see, these documents provide irrefutable evidence that—as we have said—the production script, including the elements that Grabow claims were borrowed from *The Gift of the Game*, existed over a year before Grabow alleges the Netflix Defendants had access.  Accordingly, we ask—again—that Grabow voluntarily dismiss his complaint against the Netflix Defendants.  Should Grabow persist with his baseless complaint, the Netflix Defendants intend to seek fees and, of course, will put this correspondence before the Court in support of such application.

Molly

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

Exhibit C
14

**From:** Devin McRae <dmcrae@earlysullivan.com>
**Sent:** Monday, December 30, 2024 12:25 PM
**To:** Lens, Molly M. <mlens@omm.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** RE: Grabow v. Netflix

[EXTERNAL MESSAGE]

Thanks, Molly. On further contemplation, we have decided to wait until we are in the discovery phase to produce the script and other documents. Meanwhile, of course you're free and encouraged to send me whatever proof of independent creation you contend is dispositive, and we will seriously consider it and treat it confidentially as set forth below. For your question re access, please see the Complaint, especially ¶¶ 22-36 – we will propound discovery on, among other things, communications between those identified conduits of access and the Netflix Defendants. Frankly, we believe you will find one or more copies of my client's script in those communications.

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Monday, December 30, 2024 11:45 AM
**To:** Devin McRae <dmcrae@earlysullivan.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** RE: Grabow v. Netflix

Thanks, Devin.  Hope you and Rebecca are enjoying the holidays.  Please let us know when you're ready to exchange.  We are ready when you are.  Relatedly, please also let us know when you allege that the Netflix Defendants allegedly had access to *The Gift of the Game*.

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Devin McRae <dmcrae@earlysullivan.com>
**Sent:** Thursday, December 26, 2024 7:24 AM
**To:** Lens, Molly M. <mlens@omm.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** RE: Grabow v. Netflix

[EXTERNAL MESSAGE]

Good morning, Molly, please forgive my silence over the holidays. Yes, we would agree to treat that email and attachment in native format – along with any other evidence you have that proves the April 28, 2023 Production Script you sent is the exact version that existed on April 28, 2023 – confidential, and we would share them only with our client

Exhibit C
15

and forensic IT and substantial similarity consultants on a confidential basis. In return, I am prepared to send you copies of the script to which Plaintiff alleges Defendants had access. Best, Devin

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Friday, December 20, 2024 3:54 PM
**To:** Devin McRae <dmcrae@earlysullivan.com>; Rebecca Claudat <rclaudat@earlysullivan.com>
**Cc:** Seto, Cassandra <cseto@omm.com>; Billington, Nicole <nbillington@omm.com>
**Subject:** Grabow v. Netflix

Hi Devin –

Hope you're doing well.  As you'll recall, you requested proof that the April 28, 2023 Production Script existed as of April 28, 2023.  As you'll also recall, you suggested that we could provide such proof in the form of a transmittal email on or before April 28, 2023.  Per our discussion, we're pleased to report that we've identified an email transmitting the Production Script on April 28, 2023.  Provided you confirm that you'll treat the email and the attached script as confidential, as per the terms of our prior agreement, we're happy to send that transmittal over to you.   We look forward to your prompt rely, as we continue to believe that the Production Script is dispositive of your client's claims.

When we spoke last month, you also agreed to share a copy of *The Gift of the Game* script that Mr. Grabow alleges the Netflix Defendants had access to.  We'd appreciate receiving that script when you have a moment.

Thanks,

Molly

# O'Melveny

**Molly M. Lens**
she, her, hers
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

Exhibit C
16