Devin A. McRae, State Bar Number 223239
  *dmcrae@earlysullivan.com*
Lisa L. Boswell, State Bar Number 190304
  *lboswell@earlysullivan.com*
Rebecca L. Claudat, State Bar Number 315736
  *rclaudat@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Plaintiffs
ROB GRABOW and PARADISE
VALLEY PICTURES LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROB GRABOW, an individual; PARADISE VALLEY PICTURES LLC, a Montana limited liability company,<br><br>        Plaintiffs,<br><br>    v.<br><br>NETFLIX, INC., a Delaware corporation, LEBRON JAMES, an individual; SPRINGHILL ENTERTAINMENT LLC, a Delaware limited liability company; CHERNIN ENTERTAINMENT, LLC, a Delaware limited liability company; WISE ENTERTAINMENT, INC. a California corporation; LAKE ELLYN ENTERTAINMENT, INC., a California corporation; STERLIN HARJO, an individual; SYDNEY FREELAND, an individual; BRIT HENSEL, an individual; and DOES 1-20, inclusive,<br><br>        Defendants. | Case No. 2:24-cv-09822-FLA-PDx<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference**<br>Date:    April 4, 2025<br>Time:    1:00 p.m.<br>Crtrm:  6B<br><br>*Judge:  Fernando L. Aenlle-Rocha*<br><br>Trial Date:      None Set |

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5804108.10

Pursuant to Fed. R. Civ. P. 16(b), Plaintiffs Rob Grabow ("Grabow") and Paradise Valley Pictures LLC (collectively, "Plaintiffs") and Defendants Netflix, Inc., Chernin Entertainment, LLC, Wise Entertainment, Inc., Lake Ellyn Entertainment, Inc., Springhill Entertainment LLC, LeBron James, Sterlin Harjo, Sydney Freeland, and Brit Hensel (collectively, "Defendants," Defendants with Plaintiffs collectively referred to herein as the "Parties") hereby submit the following Joint Rule 26(f) Report in advance of the Scheduling Conference ("SC") scheduled for April 4, 2025 at 1:00 p.m. (Dkt. No. 43).

## EARLY MEETING OF COUNSEL

The Parties conducted a conference as required under Fed. R. Civ. P. 26(f) on March 13, 2025.

Devin A. McRae and Lisa L. Boswell of Early Sullivan Wright Gizer & McRae LLP appeared on behalf of Plaintiffs.

Molly M. Lens and Nicole Billington of O'Melveny & Myers LLP appeared on behalf of Defendants Netflix, Inc., Chernin Entertainment, LLC, Wise Entertainment, Inc., Lake Ellyn Entertainment, Inc., Springhill Entertainment LLC, LeBron James, Sterlin Harjo, and Sydney Freeland (collectively, the "Netflix Defendants").

Kevin L. Vick and Jordyn E. Ostroff of Jassy Vick Carolan LLP appeared on behalf of Defendant Brit Hensel ("Hensel").

The Parties jointly report to the Court as follows:

**A.    STATEMENT OF THE CASE:**

*A short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.*

### 1.    Plaintiffs' Position:

Grabow is a filmmaker, writer and copyright owner of *The Gift of the Game* ("*TGOTG*"), a powerful basketball film that deals with issues of community, race relations and poverty, and which centers around a Native American protagonist and

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

his high school basketball team's quest to win the state championship.

Defendants' film, *Rez Ball*, released on September 27, 2024, copies *TGOTG* in violation of Plaintiffs' registered copyrights. While producing *Rez Ball*, Defendants had, not only access to, but actual possession of one or more copies of *TGOTG* and participated in, or were privy to, in-depth conversations with Grabow concerning his script and the elements thereof that were copied by Defendants' *Rez Ball*. It's not that the two works share just the same general premise, which they do – *Rez Ball*, as a matter of fact, copied a striking and substantial amount of concrete expressive elements from *TGOTG* including but not limited to the plot, theme, dialogue, mood, setting, pace, characters and sequence of events, shared in confidence.

The Netflix Defendants informally produced a production script for *Rez Ball* purportedly dated in April 2023 ("Production Script") which they claim definitively proves it was an independent creation. Even if the Production Script is authentic, its existence does not foreclose the possibility that the Defendants incorporated elements from *TGOTG* into the final *Rez Ball* film in the post-production and editing process.

Defendants, heavy Hollywood hitters, have knowingly ripped off Plaintiffs' copyrighted work for their own benefit at the expense of Plaintiffs, disregarding their creative rights.

## 2. Defendants' Position:

### a. Netflix Defendants:

*Rez Ball*, released on Netflix on September 27, 2024, depicts the Chuska Warriors, a high school basketball team rooted in Native American culture, as they unite after the loss of their star player to keep their state championship dreams alive. Plaintiffs allege that Grabow wrote a script, *The Gift of the Game* ("*TGOTG*"), that purportedly shares protected elements with *Rez Ball*, though Plaintiffs tactically decided not to attach the script to their complaint (and have thus far refused to provide it). Plaintiffs allege that Grabow provided *TGOTG* to certain individuals—though they recognize none was involved in *Rez Ball*—and speculate that one of the

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1  individuals may have provided his script to the Netflix Defendants.

2     The Netflix Defendants deny Plaintiffs' allegations—that they had access to

3  *TGOTG* prior to the creation of *Rez Ball*; that they copied *TGOTG*; that *TGOTG* is

4  substantially similar in protected elements to *Rez Ball*; or that they interfered with

5  Plaintiffs' contracts or relationships.  But, regardless, Plaintiffs' claims of copying are

6  factually and legally impossible because *Rez Ball* was independently created long

7  before Plaintiffs allege access first occurred in early 2024.   Indeed, the Netflix

8  Defendants have already provided Plaintiffs with a copy of the *Rez Ball* production

9  script dated April 28, 2023 (with metadata)—which contains every element that

10 Plaintiffs allege the Netflix Defendants copied from *TGOTG*.   In response,  while

11 conceding that the production script contains "many" of the elements they accuse the

12 Netflix Defendants of stealing, Plaintiffs now baselessly claim that the script may not

13 be "authentic."  To be clear, the script is authentic and, regardless, more evidence of

14 prior independent creation abounds.  Accordingly, and because Plaintiffs should not

15 be permitted to needlessly burden the Netflix Defendants and the Court with their

16 baseless claims, the Netflix Defendants submit that the case should bifurcated,

17 allowing the Netflix Defendants to promptly seek dismissal and their fees thereafter.

18          **b.    Defendant Hensel:**

19     Defendant Brit Hensel is a director and filmmaker who has worked on the

20 Emmy-nominated television series *Reservation Dogs*, among many other projects.

21 Defendant Hensel denies that she breached any nondisclosure agreement she entered

22 into with Plaintiffs in any way whatsoever.  Plaintiffs' allegations against Hensel and

23 their sole claim against her for breach of that nondisclosure agreement are baseless

24 and lack evidentiary support, as Plaintiffs would have been aware had they made a

25 reasonable inquiry before filing suit.

26 **B.   <u>SUBJECT MATTER JURISDICTION</u>:**

27     *A statement of the specific basis of federal jurisdiction, including supplemental*

28 *jurisdiction. If there is a federal question, cite the federal law under which the claim*



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

*arises.*

      **1.    Plaintiffs' Position:**

The Complaint alleges copyright infringement arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has subject matter jurisdiction pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331, 1332(a), 1338(a) and 1367.

      **2.    Defendants' Position:**

          **a.    Netflix Defendants:**

The Netflix Defendants do not challenge subject matter jurisdiction, as the complaint contains a claim for copyright infringement.  Should the copyright claim be dismissed, however, the Netflix Defendants reserve the right to challenge any assertion of diversity and/or supplemental jurisdiction.

          **b.    Defendant Hensel:**

Defendant Hensel reserves the right to challenge subject matter jurisdiction, including but not limited to supplemental jurisdiction, in the event the copyright claim is dismissed.

**C.   <u>LEGAL ISSUES:</u>**

     *A brief description of the key legal issues, including any unusual substantive, procedural, or evidentiary issues.*

      **1.    Plaintiffs' Position:**

Plaintiffs filed their Complaint herein against Defendants asserting claims for copyright infringement, breach of contract, intentional interference with contractual relations, and intentional interference with prospective economic advantage.

The key legal issues before this Court include (i) whether Defendants had access to *The Gift of the Game*; (ii) whether *The Gift of the Game* and *Rez Ball* are substantially similar; (iii) whether *The Gift of the Game* and the preliminary draft(s) of *Rez Ball* including but not limited to the Production Script are substantially similar; (iv) whether Defendants independently created *Rez Ball*; (v) whether, assuming

1   Plaintiffs establish liability against any Defendants, any other Defendants are
2   vicariously or contributorily responsible for such infringement; and (vi) whether and
3   to what extent Plaintiffs are entitled to damages or other relief.

4       **2.      Defendants' Position:**

5           **a.      Netflix Defendants:**

6           As explained in detail in the Netflix Defendants' pending motion to bifurcate,
7   prior independent creation is a threshold—and case-dispositive—defense that moots
8   the need for the Court, the parties, and third parties (including those that Plaintiffs list
9   below) to wade into any other disputed issues, including (1) access; (2) copying;
10  (3) substantial similarity; (4) interference with contract and/or economic advantage;
11  and (5) damages.

12          **b.      Defendant Hensel:**

13          Issues key to resolution of Plaintiffs' breach of contract claim include (1) the
14  validity of the alleged nondisclosure agreement; (2) and whether Defendant Hensel
15  actually shared any information protected by the alleged agreement with third parties,
16  in violation of the agreement; and (3) whether Defendant Hensel breached the alleged
17  agreement in any way. As a practical matter, resolution of Plaintiffs' copyright
18  infringement claim is also key to resolution of Plaintiffs' breach of contract claim
19  against Defendant Hensel, because resolution of the copyright infringement claim in
20  favor of the Netflix Defendants will also doom Plaintiffs' breach of contract claim.

21  **D.   PARTIES AND EVIDENCE:**

22      *A list of parties, percipient witnesses, and key documents or other evidence*
23  *concerning the main issues in the case. For conflict purposes, corporate parties must*
24  *identify all subsidiaries, parents, and affiliates.*

25      **1.      Plaintiffs' Position:**

26          **a.      Parties:**

27              ii.    Rob Grabow

28              ii.    Paradise Valley Pictures LLC

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5804108.10

5

**JOINT RULE 26(f) REPORT**

1    iii.   Netflix, Inc.

2    iv.   Chernin Entertainment, LLC

3    v.   Wise Entertainment, Inc.

4    vi.   Lake Ellyn Entertainment, Inc.

5    vii.   Springhill Entertainment LLC

6    viii.   LeBron James

7    ix.   Sterlin Harjo

8    x.   Sydney Freeland

9    xi.   Brit Hensel

10   **b.   Percipient Witnesses**

11    i.   Taylor Hensel

12    ii.   Andrew Maclean

13    iii.   Dennis Aig

14    iv.   Suzy Vanderbeek-Rea

15    v.   Montana Film Office's Persons Most Knowledgeable

16    vi.   Big   Sky   Film   Grant   Program's   Persons   Most

17   Knowledgeable

18    vii.   Jennie Saks

19    viii.   Michael Spears

20    ix.   Sky Hopinka

21    x.   Jessica Baclesse

22    xi.   Cody Lightning

23    xii.   Dallas Goldtooth

24    xiii.   Devin Sampson-Craig

25    xiv.   Julia Jones

26    xv.   Jessica Matten

27    xvi.   Kauchani Bratt

28    xvii.   Michael Powell

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5804108.10

6

**JOINT RULE 26(f) REPORT**

1                  xviii.  Jojo Jackson

2                  xix.    Sam Griesel

3                  xx.     Scott Rosberg

4                  xxi.    Spencer Beighley

5                  xxii.   Industrial Light & Magic's Persons Most Knowledgeable

6                  xxiii.  Company 3's Persons Most Knowledgeable

7                  xxiv.  Trevanna Post's Persons Most Knowledgeable

8                  xxv.   TripleTone Studios's Persons Most Knowledgeable

9                  xxvi.  Mauricio Moto, Wise Entertainment, Inc.

10                 xxvii. Kira Kelly

11                 xxviii. Justin Rosen

12                 xxix.  Noel Bohdan

13                 xxx.   Elliott Traeger

14                 xxxi.  Britini Robinson

15                 xxxii. Wayne Carmona

16                 xxxiii. Mark Sean Haynes

17                 xxxiv. Ruth Hernandez

18                 xxxv. David Stevens

19                 xxxvi. Paul Eric Miller

20                 xxxvii. Carmen Soriano

21                 xxxviii. Andrew Roberts

22                 xxxix. Dan Deacon

23                 xl. Jim Bruening

24                 xli.     Ernest Tsosie III

25                 xlii. Natasha Kaye Hale

26                 xliii. Tanis Parenteau

27                 xliv. Hope Blackwolf

28                 xlv. Meghan Finn

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5804108.10

**JOINT RULE 26(f) REPORT**

**c.      Key Documents**

i.      All documents related to *The Gift of the Game*, US Copyright registration numbers PAu 4-211-331 and PAu004246704;

ii.      Communications between the Parties and/or the witnesses identified herein regarding *The Gift of the Game* and/or *Rez Ball*;

iii.      All documents relating to *Rez Ball* including but limited to scripts, cuts, raw footage, call sheets, one liners, shot lists, still photography, artist concepts, storyboards, visualization and/or pre visualization;

iv.      Articles and other media for the Infringing Work, *Canyon Dreams*, and/or Defendants Sterlin Harjo and Hensels' relationship, work and/or collaborations;

v.      The nondisclosure agreement between Grabow and Hensel regarding *The Gift of the Game*;

vi.      The nondisclosure agreement between Plaintiff Paradise Valley Pictures and Jennie Saks regarding *The Gift of the Game*;

vii.      Plaintiffs' attorney invoices;

viii.      All documents relating to *Rez Ball*'s distribution and revenue;

ix.      Documents sufficient to show Defendants' net worth.

**2.      Defendants' Position:**

**a.      Netflix Defendants:**

The Netflix Defendants anticipate that prior independent creation can be decided through targeted written discovery and documentary evidence alone (that is, that no depositions will be necessary).[1]  The Netflix Defendants intend to produce

---

[1] In the event that depositions are deemed necessary to resolution of the Netflix Defendants' prior independent creation defense, those depositions would be limited

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

evidence of prior independent creation prior to the first date of alleged access, which is understood to be in May 2024.   In addition, the Netflix Defendants intend to propound targeted requests related to prior independent creation, such as a document request for the *TGOTG* script(s)[2] and written discovery confirming the date of alleged access.

### b.    Defendant Hensel:

In addition to any Parties, percipient witnesses, and key documents identified by the other Parties as relevant the independent prior creation defense, Defendant Hensel identifies the following witnesses and categories of documents relevant to refuting the breach of contract claim:

**Percipient Witnesses:** Rob Grabow, Sterlin Harjo, Brit Hensel, Taylor Hensel.

**Key Documents:** Communications concerning *The Gift of the Game* with Plaintiff Grabow and the nondisclosure agreement between Plaintiffs and Defendant Hensel and any communications concerning that agreement.

## E.    <u>DAMAGES:</u>

*The realistic range of provable damages.*

### 1.    Plaintiffs' Position:

As set forth in their Complaint, Plaintiffs seek various forms of relief:

a.    All damages permitted by federal copyright law;

b.    Compensatory damages and the profits derived by Defendants as a result of their infringing acts, according to proof at trial as the amounts are presently unknown;

c.    Plaintiffs' attorneys' fees and other costs of suit;

---

to the defendants who created *Rez Ball*.

[2] These scripts will prevent Plaintiffs from attempting to amend their complaint to allege additional purported similarities with *TGOTG* in an effort to avoid summary judgment.


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5804108.10

9

**JOINT RULE 26(f) REPORT**

d.    Preliminary and permanent injunctive relief against all Defendants except Hensel prohibiting: (a) any unauthorized copying or other use or exploitation of *The Gift of the Game* by Defendants, their agents, servants, employees, attorneys, or anyone acting in concert with any of them or under purported rights from any of them, in violation of Plaintiffs' copyright rights; and (b) without limitation of the foregoing, the production and/or distribution (in any form or medium whatsoever) of *Rez Ball*; and

e.    Punitive damages.

**2.    Defendants' Position:**

**a.    Netflix Defendants:**

The Netflix Defendants vehemently dispute that Plaintiffs have been damaged as a result of the Netflix Defendants' conduct, and further note that the above does not provide a reasonable estimate of damages, as required by this Court's order.  For their part, the Netflix Defendants intend to seek recovery of their attorney's fees and costs of suit in connection with this action and such other relief as the Court may deem proper.

**b.    Defendant Hensel:**

Defendant Hensel denies that Plaintiffs are entitled to any relief whatsoever in connection with their breach of contract claim against her. Defendant Hensel reserves the right to seek recovery of fees and costs of suit.

**F.    INSURANCE:**

*Whether insurance coverage exists, the extent of coverage, and whether there has been or will be a reservation of rights.*

The Parties are not aware of any insurance agreement applicable to this action.

**G.    MOTIONS:**

*A statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction.*

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5804108.10

10

**JOINT RULE 26(f) REPORT**

1. **Plaintiffs' Position:**

Plaintiffs reserve the right to add parties, claims, and/or defenses based on information obtained during discovery, and propose a deadline of October 31, 2025 to amend their pleadings.

2. **Defendants' Position:**

   a. **Netflix Defendants:**

The Netflix Defendants do not presently anticipate a need to add parties, claims, defenses, or challenge the court's jurisdiction. Pursuant to the Court's scheduling worksheet, which computes the deadline to hear a motion to amend the pleadings within 91 days after the scheduling conference, the Netflix Defendants propose June 27, 2025 (as 91 days falls on July 4, 2025).

   b. **Defendant Hensel:**

Defendant Hensel reserves the right to add defenses based on information obtained during discovery, and to challenge the Court's jurisdiction, especially if the copyright infringement claim is dismissed.

## H.    <u>**DISPOSITIVE MOTIONS**</u>:

*A description of the issues or claims any party believes may be determined by motion to dismiss or motion for summary judgment. The parties should refer to the court's Standing Order for specific guidelines governing summary judgment motions.*

1. **Plaintiffs' Position:**

Plaintiffs anticipate filing a motion for summary judgment following completion of Phase I discovery (based in part on expert analysis that the works are objectively similar).

2. **Defendants' Position:**

   a. **Netflix Defendants:**

As detailed in their pending motion, the Netflix Defendants respectfully request permission to file an early motion for summary judgment on prior independent creation, which should be case-dispositive. To the extent that their prior independent

creation defense does not resolve the entire case as anticipated, the Netflix Defendants respectfully request permission to file a second summary judgment on any remaining issues.

### b.    Defendant Hensel:

Defendant Hensel anticipates filing a motion for summary judgment as to the breach of contract claim against her.

## I.    MANUAL FOR COMPLEX LITIGATION:

*Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.*

The Parties do not believe that the Manual for Complex Litigation Procedures should be used in whole or in part in this case.

### 1.    Plaintiffs' Position:

Plaintiffs believe that this case does present "complex issues" within the meaning of Fed. R. Civ. P. 16(c)(2)(L) that warrant the utilization of certain procedures set forth in the Manual for Complex Litigation (the "Manual"). As the Manual states with regard to copyright cases: "Complex damages calculations often become necessary, and discovery into the defendant's finances, including costs of production, overhead, and cost and expense allocation, among other matters, can be extensive." (Discovery, Ann. Manual Complex Lit. § 33.311 (4th ed.)) As set forth in more detail herein, given Defendants' stated concerns as to the viability of Plaintiffs' claims, and the complexity of the damages discovery, utilization of the Manual's procedure for staging discovery and targeting initial discovery on the pivotal issue of liability is warranted.

### 2.    Defendants' Position:

### a.    Netflix Defendants:

While the parties agree that the case warrants bifurcation and the potential for more than one motion for summary judgment, the parties disagree on how to best effectuate such bifurcation.  As the parties' positions are explained in detail in the



1 pending motion, the Netflix Defendants do not repeat their position here. The Netflix

2 Defendants do not agree with Plaintiffs that this case warrants use of the Manual for

3 Complex Litigation Procedures.

**b.    Defendant Hensel:**

5 Defendant Hensel does not oppose the Netflix Defendants' pending motion to

6 bifurcate discovery on the independent prior creation defense. In the event that motion

7 is denied, Defendant Hensel does not object to staging discovery to target liability

8 before damages. Defendant Hensel does not believe this case warrants use of any

9 other aspects of the Manual for Complex Litigation Procedures.

**J.    STATUS OF DISCOVERY:**

11 *A discussion of the present state of discovery, including a summary of pending*

12 *and completed discovery, and any current or anticipated disputes.*

**1.    Plaintiffs' Position:**

14 Plaintiffs served an initial round of discovery on all Defendants focused on

15 Defendants' access to *The Gift of the Game* and on the substantial similarities between

16 *The Gift of the Game* and *Rez Ball* on March 13, 2025. Plaintiffs also served a notice

17 of issuance of subpoena for production of documents to Jessica Baclesse on March

18 13, 2025.

**2.    Defendants' Position:**

**a.    Netflix Defendants:**

21 Plaintiffs' "initial" round of discovery to the Netflix Defendants "focused" on

22 access and substantial similarity comprise a total of 544 Requests for Production, 168

23 Interrogatories, and 40 Requests for Admission. These counts do *not* include the

24 discovery served on Hensel or the third-party subpoena. Even leaving aside the issue

25 of bifurcation, these requests are disproportionate to the needs of the case and

26 otherwise objectionable. The Netflix Defendants intend to meet and confer in good

27 faith with Plaintiffs but, based on Plaintiffs' positions to date, anticipate that court

28 intervention will likely be required.

For its part, consistent with this Court's standing order and its February 25 Order, the Netflix Defendants have already begun producing documents, even prior to the service of any discovery requests.

**b.    Defendant Hensel:**

Defendant Hensel refers to Plaintiffs' position, above. Further, Defendant Hensel anticipates serving discovery aimed at refuting the breach of contract claim against her after resolution of the Netflix Defendants' motion to bifurcate, depending on the outcome of that motion.

**K.    DISCOVERY PLAN:**

*A detailed discovery plan, as contemplated by Fed. R.Civ. P. 26(f). State what, if any, changes in the disclosures under Fed.R. Civ. P. 26(a) should be made, the subjects on which discovery may be needed and whether discovery should be conducted in phases or otherwise be limited, whether applicable limitations should be changed or other limitations imposed, and whether the court should enter other orders. A statement that discovery will be conducted as to all claims and defenses or other vague description is not acceptable.*

**Rule 26(f)(3)(A):**

**1.    Plaintiffs' Position:**

In accordance with Rule 26(a)(1)(C), the Parties' initial disclosures are due to be exchanged on or before March 27, 2025. As reflected in Section K(2)(a) immediately below, the Netflix Defendants propose postponing this deadline to a later date.

**2.    Defendants' Position:**

**a.    Netflix Defendants:**

During the parties' March 13 conference, the Netflix Defendants requested that the parties agree to defer exchange of their Rule 26(a) disclosures until after the Court's resolution of the Netflix Defendants' pending bifurcation motion. Plaintiffs refused. Accordingly, the Netflix Defendants intend to serve its initial disclosures


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5804108.10

14

**JOINT RULE 26(f) REPORT**

consistent with their bifurcation proposal (i.e. limited to the issue of prior independent creation), and will supplement those disclosures, as needed and if appropriate.

### b.      Defendant Hensel:

Defendant Hensel will serve her initial disclosures on or before March 27, 2025.

### Rule 26(f)(3)(B):

### 1.      Plaintiffs' Position:

**a.      Discovery Scope**: Plaintiffs seek discovery on all subjects alleged in the pleadings including without limitation as the writing, development, production, distribution, and copyright registration of *Rez Ball*, the inspiration for *Rez Ball*, and the background and process for Defendants' creation, development, and distribution of the work. Plaintiffs also seek discovery as to Grabow's nondisclosure agreement with Hensel, Defendants' knowledge of Plaintiffs' film and Defendants' access to and use of *The Gift of the Game*. Plaintiffs will additionally seek discovery as to any affirmative defenses raised by Defendants, Defendants' infringing activity, Defendants' participation with other parties in the infringing activity, and resulting damages including Defendants' profits from the infringing activity. Plaintiffs anticipate taking the depositions of Defendants and may also depose third parties identified in discovery.

### 2.      Timing of Discovery

### a.      Plaintiffs' Proposal to Conduct Phased Discovery Phasing of Discovery

In the interests of the Parties', witnesses' and the Court's time and expense, Plaintiffs agree with Defendants that staged discovery and pre-trial proceedings is warranted. However, Plaintiffs part ways with Defendants on how the discovery should be staged. Plaintiffs respectfully submit that good cause exists for the Court to stage discovery and pre-trial proceedings in this action in two phases as follows: Phase I directed to liability issues on all claims and Defendants' affirmative

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

defenses thereto; and, if necessary, Phase II directed to damages on any remaining claims and Defendants' affirmative defenses thereto. Plaintiffs submit that this bifurcation of discovery on the issues of liability and damages is a very efficient and cost-effective approach in this matter for several reasons. If, after Plaintiffs have had an opportunity to fully conduct Phase I discovery and determine the extent and nature of Defendants' copying of their script,  and that copying does **not** rise to substantial similarity in protectable content (filtering out elements that were independently created or are otherwise unprotectable), then Plaintiffs do not intend require Defendants to move for summary judgment on substantial similarity or independent creation.

Accordingly, extensive time and expense will be saved by conducting discovery on the simpler liability issues on each claim to determine whether any triable liability issue exists before—and only if necessary—engaging in the more complex and contentious damages discovery. Staging discovery in this manner will further the purposes of Fed. R. Civ. P. 26(d)(2) and also the Manual for Complex Litigation, which states, in pertinent part:

> For effective discovery control, initial discovery should focus on matters—witnesses, documents, information— that appear pivotal. As the litigation proceeds, this initial discovery may render other discovery unnecessary or provide leads for further necessary discovery. Initial discovery may also be targeted at information that might facilitate settlement negotiations or provide the foundation for a dispositive motion; a discovery plan may call for limited discovery to lay the foundation for early settlement discussions. Targeted discovery may be nonexhaustive, conducted to produce critical information rapidly on one

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1    or more specific issues. (Limitations, Ann. Manual
2    Complex Lit. § 11.422 (4th ed.)).

3    As to each of these claims for relief, the issues pertinent to liability and
4  damages are separate and independent of each other and no overlap in discovery is
5  necessary.

6    Bifurcation in this manner would avoid the unnecessary time and
7  expense of complex discovery, and law and motion practice associated with
8  damages unless and until triable issues exist for any of the claims at issue. In this
9  regard, the alternative of immediate damages-related discovery would necessitate
10 the resolution of complicated issues in regard to the rights of privacy, confidentiality
11 and burden. There is no need for the Court and the Parties to incur the expense and
12 time in addressing these issues absent a triable case on liability.

13    **b.    Plaintiffs' Proposed Schedule of Discovery in Phases:**

14    Phase I would concentrate upon discovery and dispositive motions relating to
15 liability for Plaintiffs' claims for copyright infringement, breach of contract,
16 intentional interference with contractual relations, and intentional interference with
17 prospective economic advantage and Defendants' affirmative defenses thereto. After
18 close consideration of the case and exchanges between the parties regarding
19 proposed schedules, Plaintiffs propose the following cut-off dates for Phase I:

20    • Fact Discovery Cutoff: October 31, 2025
21    • Initial Expert Disclosures: October 17, 2025
22    • Rebuttal Expert Disclosures: November 14, 2025
23    • Expert Discovery Completion Date: December 15, 2025
24    • Mediation Completion Date: January 5, 2026
25    • Motions for Summary Judgment to be filed by: January 16, 2026
26    • Last day for hearing Summary Judgment Motion: February 20, 2026
27    If necessary, Phase II would concentrate on discovery and dispositive motions
28

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

regarding damages recoverable on any remaining claims in the case and Defendants' affirmative defenses thereto. Assuming that the Court rules on motions for summary judgment in Phase I by March 2, 2026, then, if necessary, Plaintiffs propose the following cut-off dates for Phase II:

- Fact Discovery Cutoff: June 26, 2026
- Expert Disclosures: June 22, 2026
- Rebuttal Expert Disclosures: July 15, 2026
- Expert Discovery Completion Date: August 14, 2026
- Mediation Completion Date: August 28, 2026
- Motions for Summary Judgment to be filed by: September 25, 2026
- Last day for hearing Summary Judgment Motion: October 30, 2026
- Pre-trial Conference: November 20, 2026
- Trial: December 7, 2026

**2.    Defendants' Position:**

**a.    Netflix Defendants:**

While the parties agree that the case warrants bifurcation of discovery *and* the potential for more than one motion for summary judgment, the parties disagree on how to best effectuate such bifurcation.  As the parties' positions are explained in detail in the pending motion, and the Netflix Defendants do not agree that a joint Rule 26(f) report is the proper vehicle to advance substantive arguments, the Netflix Defendants do not repeat their position here.  But, in short, the Netflix Defendants propose to stage discovery into Phase 1, which would be limited to the prior independent creation defense, and Phase 2, which would encompass all other claims and issues.  Following Phase 1 discovery, the Netflix Defendants would file an early summary adjudication motion on their prior independent creation defense, which could moot the need for Phase 2 discovery altogether.

The specific schedule accomplishes all the efficiencies detailed in the Netflix Defendants' Motion—*and* is completed within 16 months of the scheduled Rule 16

conference, as requested by this Court:

- Phase I Fact Discovery Cutoff: August 29, 2025
- Last Day to Hear Phase I MSJ on Prior Independent Creation: October 17, 2025
- Phase II Fact Discovery Cutoff: February 20, 2026
- Initial Expert Disclosure: February 27, 2026
- Rebuttal Expert Disclosure: March 13, 2026
- Expert Discovery Cutoff: March 27, 2026
- Last Day to Hear Phase II Motions: April 24, 2026
- Deadline to Complete Settlement Conference: June 12, 2026
- Final Pretrial Conference: July 17, 2026
- Trial: August 3, 2026

### b.    Defendant Hensel:

Defendant Hensel does not oppose the Netflix Defendants' pending motion to bifurcate discovery on the independent prior creation defense. In the event the Netflix Defendant's bifurcation motion is denied, Defendant Hensel does not object to staging discovery to target liability before damages, as proposed by Plaintiffs.

**Rule 26(f)(3)(C):** At this time, the Parties do not anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information ("ESI"). The Parties will cooperate in good faith and will attempt to agree upon the scope and form of production of any relevant ESI. The scope of discovery or the format of the production of ESI may be further limited or modified by the Court upon a showing of good cause or undue burden and expense.

**Rule 26(f)(3)(D):** The Parties intend to submit a stipulated protective order pursuant to Rule 26(c) governing the disclosure and use of confidential information in the case. There are presently no other anticipated issues relating to claims of privilege or other protection as to trial-preparation material.

### 1.    Plaintiffs' Position:

Plaintiffs believe that a standard protective order is sufficient and that the

Attorneys' Eyes Only provision that Defendant Hensel has proposed would further complicate discovery and likely lead to additional discovery disputes.

**2.    Defendants' Position:**

**a.    Netflix Defendants:**

The Netflix Defendants are amenable to a protective order with confidential and attorneys' eyes only provisions and are hopeful that the parties can reach agreement on this issue through meet-and-confer efforts.

**b.    Defendant Hensel:**

It is Defendant Hensel's position that the parties' protective order must include a provision for designating materials Attorneys' Eyes Only, to protect against potential disclosure of communications of a highly personal nature.

**Rule 26(f)(3)(E):** Other than as to timing, the Parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Central District Local Rules.

**Rule 26(f)(3)(F):** Except as otherwise stated above, the Parties do not currently request any other orders that should be entered by the Court under Rule 16(b) or (c).

**L.    <u>DISCOVERY CUT-OFF</u>:**

*A proposed discovery cutoff date governing the completion of all fact discovery, including resolution of all discovery motions.*

**1.    Plaintiffs' Position:**

a.    Phase I Fact Discovery Cutoff: October 31, 2025

b.    Phase II Fact Discovery Cutoff: June 26, 2026

**2.    Defendants' Position:**

**a.    Netflix Defendants:**

- Phase I Fact Discovery Cutoff: August 29, 2025
- Phase II Fact Discovery Cutoff: February 20, 2026



**b.    Defendant Hensel:**

Defendant Hensel does not oppose the Netflix Defendants' pending motion to bifurcate discovery on the independent prior creation defense. In the event the Netflix Defendant's bifurcation motion is denied, Defendant Hensel does not object to staging discovery to target liability before damages, as proposed by Plaintiffs. Based on the Court's ruling on the parties' requests for bifurcation  and/or staging of discovery, Defendant Hensel is amenable to discovery cut-off dates consistent with the Court's standard schedule.

**M.    <u>EXPERT DISCOVERY:</u>**

*Proposed dates for initial and rebuttal expert witness    disclosures    and expert discovery cutoff under Fed. R. Civ. P. 26(a)(2).*

**1.    Plaintiffs' Position:**

    a.    Phase I:

        • Initial Expert Disclosures: October 17, 2025

        • Rebuttal Expert Disclosures: November 14, 2025

        • Expert Discovery Completion Date: December 15, 2025

    b.    Phase II:

        • Fact Discovery Cutoff: June 26, 2026

        • Expert Disclosures: June 22, 2026

        • Rebuttal Expert Disclosures: July 15, 2026

**2.    Defendants' Position:**

    **a.    Netflix Defendants:**

Under the Netflix Defendants' proposal, only one expert period is needed—i.e., only during Phase 2.  The Netflix Defendants propose the following dates:

• Initial Expert Disclosure: February 27, 2026

• Rebuttal Expert Disclosure: March 13, 2026

• Expert Discovery Cutoff: March 27, 2026

  **b.** **Defendant Hensel:**

Defendant Hensel does not believe that expert discovery is necessary for resolution of the breach of contract claim against her, and takes no position regarding the expert discovery cutoff dates.

## N. SETTLEMENT CONFERENCE/ALTERNATIVE DISPUTE RESOLUTION ("ADR"):

*A statement of what settlement negotiations have occurred, excluding any statement of the terms discussed. If a Notice to Parties of Court-Directed ADR Program (Form ADR08) was filed in this case, the court will refer it to the Magistrate Judge, the Court Mediation Panel, or to private mediation at the parties' expense. The parties must state their preference in the Joint Rule 26(f) Report. The court will exercise its discretion to select an ADR option for the parties if they fail to state a preference. No case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding.*

No meaningful settlement discussions have occurred to date.

**1.** **Plaintiffs' Position:**

Plaintiffs are willing to submit to private mediation (ADR-3), subject to agreement on a mediator.

**2.** **Defendants' Position:**

  **a.** **Netflix Defendants:**

The Netflix Defendants respectfully request that the case be referred to the Court Mediation Panel, with such panel including numerous mediators with copyright experience.

  **b.** **Defendant Hensel:**

Defendant Hensel is willing to participate in mediation before the Court Mediation Panel, with the understanding that the Parties would select a mediator with the relevant subject matter experience and expertise.



**O.    TRIAL ESTIMATE:**

*A realistic estimate, in days, of the court time required for trial and whether trial will be by jury or by the court. Each side should specify by number, not by name, the number of witnesses it contemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel must address in detail in the Report the basis for the estimate.*

Plaintiffs and Hensel request a jury trial. The Netflix Defendants do not request a jury.

**1.    Plaintiffs' Position:**

Trial is estimated to take 6-8 days. Plaintiffs anticipate calling 10-15 witnesses. Plaintiffs believe that this proposed trial estimate is justified given the multitude and complexity of the claims and factual and legal issues and the multitude of Parties and anticipated witnesses in this case.

**2.    Defendants' Position:**

**a.    Netflix Defendants:**

The Netflix Defendants respectfully submit that no trial will be necessary. Recent copyright infringement cases in the Central District of California, however, have been tried in eight to nine days.

**b.    Defendant Hensel:**

Defendant Hensel does not anticipate that trial of the breach of contract claim against her will be necessary, but estimates that the issues related to the claim against her could be tried in one day. Defendant Hensel takes no position regarding the total length of time required to try Plaintiffs' claims, the majority of which do not involve Defendant Hensel.

**P.    TRIAL COUNSEL:**

*The names of the attorneys who will try the case.*

Devin A. McRae will be lead trial counsel for Plaintiffs. Lisa L. Boswell will be co-trial counsel for Plaintiffs.


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1   Molly M. Lens will be lead trial counsel for the Netflix Defendants.

2   Kevin L. Vick will be trial counsel for Defendant Hensel. Jordyn Ostroff will

3   be co-trial counsel for Defendant Hensel.

4   **Q.   INDEPENDENT EXPERT OR MASTER:**

5   *Whether the court should consider appointing a master pursuant to Fed. R. Civ.*

6   *P. 53 or an independent scientific expert at the parties' expense. The appointment of*

7   *a master may be appropriate in cases where the parties anticipate substantial*

8   *discovery disputes, numerous claims to be construed in connection with a summary*

9   *judgment motion, a lengthy Daubert hearing, or a resolution of a difficult*

10  *computation of damages.*

11  The Parties do not currently believe this is a case in which the Court should

12  consider appointing a Master pursuant to Rule 53 or an independent scientific expert.

13  **R.   SCHEDULE WORKSHEET:**

14  *The parties <u>must</u> make every effort to agree on all pretrial and trial dates and*

15  *must complete the appropriate Schedule of Pretrial and Trial Dates Worksheet*

16  *("Worksheet") and include it with their Joint Rule 26(f) Report. The entries in the*

17  *"Weeks Before FPTC" column reflect what the court believes is appropriate for most*

18  *cases and will allow the court to rule on potentially dispositive motions sufficiently in*

19  *advance of the Final Pretrial Conference. However, the parties may propose other*

20  *dates by which the key requirements must be completed. Each date should be stated*

21  *as month, day, and year, e.g., 1/15/2020. The Final Pretrial Conference and other*

22  *hearings shall be held on Fridays at 1:30 p.m. Other deadlines that do not involve the*

23  *court can be any day of the week. The parties must avoid holidays. The court may*

24  *order different dates from those the parties propose. The discovery cutoff date is the*

25  *last day by which all depositions must be completed, responses to previously served*

26  *written discovery must be provided, and motions concerning discovery disputes must*

27  *be heard. The cutoff date for motions is the last date on which motions must be heard,*

28  *not filed. If the parties would like the court to set dates in addition to those listed on*

*the Worksheet, they may so request by separate Stipulation and Proposed Order. Separate Worksheets are provided for class actions, patent cases, cases under the Freedom of Information Act ("FOIA"), and cases for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA").*

See the Schedule of Pretrial and Trial Dates Worksheet attached hereto for the parties' respective positions with respect thereto.

**S.    OTHER ISSUES:**

*A statement of any other issues affecting the status or management of the case, including unusually complicated technical or technological issues, disputes over protective orders, extraordinarily voluminous document production, nonEnglish speaking witnesses, reasonable ADA accommodations, discovery in foreign jurisdictions, the applicability of foreign law, the advanced age or health of parties or key witnesses, and any proposals concerning severance, bifurcation, or other ordering of proof.*

The Parties have agreed to accept electronic service of documents in this case pursuant to Fed. R. Civ. Proc. 5(b)(2)(E) with service complete upon filing or receipt.

Respectfully submitted,

Dated:  March 21, 2025

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By:    */s/ Devin A. McRae*

Devin A. McRae
Lisa L. Boswell
Rebecca L. Claudat
Attorneys for Plaintiffs
ROB GRABOW and PARADISE
VALLEY PICTURES LLC

EARLY
SULLIVAN
WRIGHT
GIZER & McRAE LLP
ATTORNEYS AT LAW

1  Dated:  March 21, 2025            O'MELVENY & MYERS LLP

2

3

4                                    By:      /s/ Molly M. Lens
                                             Molly M. Lens
5                                            Cassandra Seto
                                             Nicole Billington
6                                            Attorneys for Defendants
7                                            NETFLIX, INC., CHERNIN
                                             ENTERTAINMENT, LLC, WISE
8                                            ENTERTAINMENT, INC., LAKE
9                                            ELLYN ENTERTAINMENT, INC.,
                                             SPRINGHILL ENTERTAINMENT LLC,
10                                           LEBRON JAMES, STERLIN HARJO, and
11                                           SYDNEY FREELAND

12 Dated:  March 21, 2025            JASSY VICK CAROLAN LLP

13

14

15                                   By:      /s/ Kevin L. Vick
                                             Kevin L. Vick
16                                           Jordyn E. Ostroff
                                             Attorneys for Defendant
17                                           BRIT HENSEL

18

19

20

21

22

23

24

25

26

27

28

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1

## **FILER'S ATTESTATION**

2       I, Devin A. McRae, attest that all other signatories listed, and on whose behalf

3    the filing is submitted, concur in the filing's content and have authorized the filing in

4    accordance with Civil Local Rule 5-4.3.4(a)(2)(i).

5    Dated:  March 21, 2025

6

7

8                                        */s/ Devin A. McRae*

9                                        Devin A. McRae
                                         Attorney for Plaintiffs
10                                       ROB GRABOW and PARADISE
                                         VALLEY PICTURES LLC
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5804108.10

27

**JOINT RULE 26(f) REPORT**

**DISTRICT JUDGE FERNANDO L. AENLLE-ROCHA**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

| Case No. 2:24-cv-09822-FLA-PD | Case Name: Rob Grabow et al v. Netflix, Inc. et al | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one:  ☒ Jury Trial or ☐ Bench Trial <br> [Monday at 8:15 a.m. within 13-16 months of Scheduling Conference] <br> Estimated Duration: 6-8____ Days | | 12/07/2026 | 8/03/2026 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions in Limine <br> [Friday at 1:30 p.m. at least 17 days before trial] | | 11/20/2026 | 7/17/2026 |
| **Event[1]** <br> Note: Hearings shall be on Fridays at 8:30 a.m. <br> Other dates can be any day of the week. | **Time Computation[2]** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] | 91 days after scheduling conference | 10/31/2025 | 6/27/2025 |
| Fact Discovery Cut-Off [Friday] <br> (no later than deadline for filing dispositive motion) | 21 weeks before FPTC | Phase I: 10/31/2025 <br><br> Phase II: 06/26/2025 | Phase I: 8/29/2025 <br><br> Phase II: 2/20/2026 |
| Expert Disclosure (Initial) | 20 weeks before FPTC | Phase I: 10/17/2025 <br><br> Phase II: 06/22/2026 | 2/27/2026 |
| Expert Disclosure (Rebuttal) | 18 weeks before FPTC | Phase I: 11/14/2025 <br><br> Phase II: 07/15/2026 | 3/13/2026 |
| Expert Discovery Cut-Off | 16 weeks before FPTC[3] | Phase I: 01/5/2026 <br><br> Phase II: 08/14/2026 | 3/27/2026 |
| Last Date to Hear Motions [Friday] <br> • Rule 56 Motion due at least 5 weeks before hearing <br> • Opposition due 2 weeks after Motion is filed <br> • Reply due 1 week after Opposition is filed | 12 weeks before FPTC | Phase I: 02/20/2026 <br><br> Phase II: 10/30/2026 | Phase I: 10/17/2025 <br><br> Phase II: 4/24/2026 |
| Deadline to Complete Settlement Conference [L.R. 16-15] <br> Select one: ☐ 1. Magistrate Judge (with Court approval) <br> ☐ 2. Court Mediation Panel <br> ☐ 3. Private Mediation | 5 weeks before FPTC | Phase I: 01/5/2026 <br><br> Phase II: 08/28/2026 | 6/12/2026 |

| | | | |
|---|---|---|---|
| <u>Trial Filings</u> (first round) [Friday]<br>• Motion in *Limine*<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | 10/23/2026 | 6/19/2026 |
| <u>Trial Filings</u> (second round) [Friday]<br>• Oppositions to Motions in *Limine*<br>• Proposed PTC Order<br>• Joint Proposed Jury Instructions (jury trial only)<br>• Disputed Proposed Jury Instructions (jury trial only)<br>• Joint Proposed Verdict Forms (jury trial only)<br>• Joint Proposed Statement of Case (jury trial only)<br>• Proposed Voir Dire Questions if any (jury trial only)<br>• Evidentiary Objections to Declarations of Direct Testimony (court trial) | 2 weeks before FPTC | 11/06/2026 | 7/03/2026 |

5804169.3