MOLLY M. LENS (S.B. #283867)
mlens@omm.com
CASSANDRA SETO (S.B. #246608)
cseto@omm.com
NICOLE BILLINGTON (S.B. #336584)
nbillington@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067-6035
Telephone:   +1 310 553 6700
Facsimile:    +1 310 246 6779

Attorneys for Defendants
NETFLIX, INC.
CHERNIN ENTERTAINMENT, LLC
WISE ENTERTAINMENT, INC.
LAKE ELLYN ENTERTAINMENT, INC.
SPRINGHILL ENTERTAINMENT LLC
LEBRON JAMES
STERLIN HARJO
SYDNEY FREELAND

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROB GRABOW, an individual; PARADISE VALLEY PICTURES LLC, a Montana limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>NETFLIX, INC., a Delaware corporation, LEBRON JAMES, an individual; SPRINGHILL ENTERTAINMENT LLC, a Delaware limited liability company; CHERNIN ENTERTAINMENT, LLC, a Delaware limited liability company; WISE ENTERTAINMENT, INC., a California corporation; LAKE ELLYN ENTERTAINMENT, INC., a California corporation; STERLIN HARJO, an individual; SYDNEY FREELAND, an individual; BRIT HENSEL, an individual; and DOES 1-20, inclusive,<br><br>Defendants. | Case No. 2:24-cv-09822-FLA-PDx<br><br>**REPLY IN SUPPORT OF NETFLIX DEFENDANTS' MOTION FOR LEAVE TO FILE EARLY SUMMARY JUDGMENT MOTION AND TO BIFURCATE DISCOVERY ON PRIOR INDEPENDENT CREATION DEFENSE** |

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ...............................................................................................1

II. ARGUMENT......................................................................................................3

   A. The Netflix Defendants' Prior Independent Creation Defense Is Discrete and Case-Dispositive..........................................................................3

   B. The Court Should Bifurcate Discovery and Summary Judgment Motions on Prior Independent Creation .................................................................5

III. CONCLUSION..................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Christian v. Mattel, Inc.*,
   286 F.3d 1118 (9th Cir. 2002) ............................................................................. 2, 5

*Danjaq LLC v. Sony Corp.*,
   263 F.3d 942 (9th Cir. 2001) ..................................................................................... 7

*Disorderly Kids, LLC v. Dollar*,
   2015 WL 11117074 (C.D. Cal. Nov. 10, 2015) ....................................................... 3

*Esplanade Prods., Inc. v. Walt Disney Co.*,
   2017 WL 5635024 (C.D. Cal. July 11, 2017) .......................................................... 1

*Favia v. Lyons P'ship*,
   1996 WL 194306 (S.D.N.Y. Apr. 23, 1996) (Sotomayor, J.), *aff'd*,
   112 F.3d 503 (2d Cir. 1997) ...................................................................................... 4

*Fogerty v. MGM Grp. Holdings Corp.*,
   379 F.3d 348 (6th Cir. 2004) ..................................................................................... 4

*Grubb v. KMS Patriots, L.P.*,
   88 F.3d 1 (1st Cir. 1996) ............................................................................................ 4

*Moreno v. NBCUniversal Media, LLC*,
   2013 WL 12123988 (C.D. Cal. Sept. 30, 2013) ....................................................... 8

*Reed v. AutoNation, Inc.*,
   2017 WL 6940519 (C.D. Cal. Apr. 20, 2017) ........................................................... 7

*Rentmeester v. Nike, Inc.*,
   883 F.3d 1111 (9th Cir. 2018), *overruled on other grounds by
   Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952
   F.3d 1051 (9th Cir. 2020) ........................................................................................... 5

*Wixen Music Pub., Inc. v. Triller Inc.*,
   2021 WL 4816627 (C.D. Cal. Aug. 11, 2021) ........................................................... 7

## I.     INTRODUCTION

For all of its hyperbole and *ad hominem* attacks, Plaintiffs' Opposition is most telling in what it does not say.  Plaintiffs do not dispute that prior independent creation could dispose of *all* claims in this case.  Opp. at 11-12, 14.  Plaintiffs do not contend that the Netflix Defendants' alleged access to *TGOTG* occurred before "May 27, 2024"—by which point the *Rez Ball* production script had been complete for *over one year* and the motion picture was just a few months away from release. *Id*. at 4-5.  Plaintiffs do not even "oppose bifurcation of the case" or successive summary judgment motions.  *Id.* at 13.

To take a step back, Plaintiffs' Complaint contains a laundry list of alleged similarities between *Rez Ball*—the motion picture—and *TGOTG*—a phantom script that Plaintiffs have described in self-serving terms but refused to actually provide.[1] Compl. ¶¶ 40-70.  According to the Complaint, those alleged similarities exist because the Netflix Defendants accessed and copied *TGOTG* in creating *Rez Ball*. *Id.* ¶¶ 73-77.  That is false, and in hopes of demonstrating to Plaintiffs that their case is meritless, the Netflix Defendants voluntarily provided Plaintiffs' counsel with a *Rez Ball* production script from April 2023—over one year before the alleged access (the "April 2023 Production Script").  The April 2023 Production Script includes ***all of the alleged similarities*** listed in the Complaint.  Despite this clear evidence of independent creation, Plaintiffs refused to dismiss their Complaint.  The Netflix Defendants then filed this motion to bifurcate so the

---

[1] Remarkably, Plaintiffs remain steadfast in their refusal to provide a copy of *TGOTG*, choosing instead to rely on one-sided descriptions of that work.  As this Court has observed, a copyright plaintiff's failure to provide the allegedly infringed work amounts to "deliberate obfuscation" and indicates that inclusion of the work "would have been detrimental to [plaintiff's] claims." *Esplanade Prods., Inc. v. Walt Disney Co.*, 2017 WL 5635024, at *10 (C.D. Cal. July 11, 2017).  Plaintiffs have no meaningful response to this case other than the *ipse dixit* that they have "sufficiently described the basics" of *TGOTG*.  Opp. at 14 n.2.

threshold prior independent creation defense could be resolved at the outset, saving the parties and the Court valuable resources.

Plaintiffs' Opposition is dense and rambling, but ultimately comes down to two points:

First, Plaintiffs claim the April 2023 Production Script may have been fabricated. This is a bold and baseless assertion; it can be tested and easily refuted in limited Phase 1 discovery post-bifurcation.

Second, Plaintiffs assert—based on unsupported and improper testimony from Grabow and a purported similarity "expert"—that it is "possible" the Netflix Defendants used *TGOTG* to make changes to *Rez Ball* in the four-month period between the alleged access in May 2024 and *Rez Ball*'s release in September 2024. Opp. at 8. That is wild speculation—and, more importantly, is based on the strawman that the Netflix Defendants seek to "wall off discovery concerning the time period after the Rez Ball Production Script was created in April 2023." *Id.* at 14. That is not the Netflix Defendants' position. Rather, the question underlying prior independent creation relevant to this motion to bifurcate is whether the elements in *Rez Ball* that Plaintiffs allege are similar to *TGOTG* existed before the Netflix Defendants' alleged access to *TGOTG* in May 2024—*in the April 2023 Production Script or otherwise*.[2] If the answer is "yes," as the Netflix Defendants contend—and Plaintiffs cannot dispute—then all questions of access, copying, and substantial similarity are legally irrelevant, since "[b]y simple logic, it is impossible to copy something that does not exist" at the time of creation. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002).

---

[2] Although this script alone is proof of prior independent creation, it is far from the only proof, as Plaintiffs suggest. Opp. at 7. Rather, the Netflix Defendants provided the script before the commencement of discovery in a good-faith effort to show Plaintiffs the allegedly infringing elements in *Rez Ball* were created long before the alleged access and promote efficient resolution of the case. Mot. at 4.

Bifurcation of discovery and summary judgment motions would allow the Court to consider the threshold prior independent creation defense before other issues in the case and save the parties and the Court protracted fact discovery, expert discovery, motion practice, and, potentially, trial on issues that could be entirely moot.  The Court should grant the Netflix Defendants' Motion.

## II.     ARGUMENT

### A. The Netflix Defendants' Prior Independent Creation Defense Is Discrete and Case-Dispositive

Plaintiffs do not dispute that prior independent creation would be dispositive of their copyright infringement, interference, and breach of contract claims.  *See* Mot. at 5-7; Opp. at 8-10.  But Plaintiffs argue that the defense should not be bifurcated from other liability issues because independent creation is inherently intertwined with questions of access, copying, and substantial similarity.  Opp. at 7-8.  That argument rests on a mischaracterization of the law, the facts, and the parties' positions.

As set forth in the Motion, the law is clear that prior independent creation defeats any allegations of access or copying.  Mot. at 5-6 (collecting cases). Plaintiffs cite no contrary authority.  They offer no response to *Disorderly Kids* or *Favia*, which confirm this self-evident proposition.[3]  *See Disorderly Kids, LLC v. Dollar*, 2015 WL 11117074, at *7 (C.D. Cal. Nov. 10, 2015) (dismissing copyright claim on summary judgment where "the uncontroverted evidence shows that [defendant's] design was created months before [plaintiff's] design"); *Favia v. Lyons P'ship*, 1996 WL 194306, at *4 (S.D.N.Y. Apr. 23, 1996) (Sotomayor, J.)

---

[3] While Plaintiffs drop a footnote that *Disorderly Kids* was not intended for publication, Opp. at 14 n.3, the decision is persuasive authority and the logic applies with equal force here.  *See Rush v. Denco Enterprises, Inc.*, 2012 WL 3206674, at *3 (C.D. Cal. Aug. 3, 2012) (explaining district court decisions—whether published or unpublished—do not bind other courts in the same district, but are relevant persuasive authority).

(defendant's prior independent creation evidence was "fatal to [plaintiff's copyright] case, and would be so even if [plaintiff] had met her affirmative burdens"), *aff'd*, 112 F.3d 503 (2d Cir. 1997). And Plaintiffs' effort to distinguish *Grubb* fails. According to Plaintiffs, the case is inapposite because the Patriots' designer had "finished designing his logo" before the alleged access occurred—whereas here, *Rez Ball* had not yet been finalized at the time of alleged access. Opp. at 9. That is simply wrong: the prior independent creation evidence was an early pencil sketch of the logo, which the designer continued to revise and refine *after* the date of alleged access. *Grubb v. KMS Patriots, L.P.*, 88 F.3d 1, 5 (1st Cir. 1996). The court nonetheless found that the designer's preexisting draft logo was sufficient evidence of prior independent creation and granted summary judgment for the Patriots, noting that "prior creation renders any conclusion of access or inference of copying illogical." *Id.*; *see also Fogerty v. MGM Grp. Holdings Corp.*, 379 F.3d 348 (6th Cir. 2004) (granting defendants summary judgment on prior independent creation grounds where "demo" Bond movie theme song containing the allegedly infringing elements existed before the alleged access—despite differences between the "demo" and the final version).

The same is true here: even if there were changes made to *Rez Ball* after the date of alleged access, the Netflix Defendants can still establish prior independent creation with evidence (in the form of the April 2023 Production Script or otherwise) that the allegedly infringing elements existed before the alleged access in May 2024—which would negate the need to consider evidence of access or copying.

Plaintiffs' attempt to sow confusion with two improper, self-serving declarations that claim there are (a) unspecified differences between the April 2023 Production Script and the final *Rez Ball* motion picture, and (b) purported

similarities between *TGOTG*—as described by the declarants[4]—and *Rez Ball*. These declarations are premature and inaccurate, but ultimately irrelevant to the resolution of the Motion.[5]

As the Motion makes clear, the relevant question is whether the allegedly infringing elements in *Rez Ball* were "created before the earliest allegations of access in 2024." Mot. at 8. If so, it does not matter whether the Netflix Defendants made changes to the April 2023 Production Script; whether the Netflix Defendants ever had access to *TGOTG*; or whether *Rez Ball* is substantially similar to *TGOTG*, since copying would be factually and legally impossible. *See Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) ("No matter how similar the plaintiff's and the defendant's works are, if the defendant created his independently, without knowledge of or exposure to the plaintiff's work, the defendant is not liable for infringement."); *Christian*, 286 F.3d at 1128 ("[I]t is well established that a prior-created work cannot infringe a later-created one."). Critically, even the Plaintiffs cannot dispute this point.

The most efficient approach is to stage this case so the threshold prior independent creation defense can be resolved first, without the need to wade into questions of access, copying, and substantial similarity that could be moot.

### B. The Court Should Bifurcate Discovery and Summary Judgment Motions on Prior Independent Creation

Plaintiffs do not dispute the Court's broad discretion to stage discovery and summary judgment motions, *see* Mot. at 7-8—to the contrary, Plaintiffs *agree* the case should be bifurcated. Opp. at 13. But Plaintiffs ask the Court to bifurcate *all*

---

[4] Again, it is notable that Plaintiffs refuse to provide a copy of the *TGOTG*.

[5] The Netflix Defendants will accordingly not burden the Court with evidentiary objections to such declarations but, for the avoidance of doubt, reserve all objections with respect thereto.

liability issues, not just the Netflix Defendants' prior independent creation defense. *Id.* As an initial matter, the Netflix Defendants agree there is certainly no reason to permit damages discovery to go forward. *Id.* at 14 (conceding a voluntary dismissal may be in the cards). But Plaintiffs' bifurcation proposal does not sufficiently promote efficiency and minimize the burden on the Court and parties by avoiding discovery and litigation concerning liability issues that could be entirely moot.

As discussed above and in the Motion, the prior independent creation defense is discrete and has little-to-no overlap with other issues in this case. Mot. at 8-9. Phase 1 discovery would be limited to the *pre-access* time period and whether the allegedly infringing elements in *Rez Ball* were created before the earliest allegations of access in 2024. This includes a limited universe of documents and testimony from, at most, two or three defendants (*i.e.*, those who created *Rez Ball*). The Netflix Defendants have already provided the April 2023 *Rez Ball* Production Script—which itself contains every element that Plaintiffs claim was copied from *TGOTG*—but there is more evidence that will be produced in the course of discovery.

Plaintiffs' assertion that the prior independent creation defense "hinges" entirely on the April 2023 Production Script, Opp. at 7, is inaccurate. *See* Mot. at 8-9. So too is the suggestion—as offensive as it is wrong—that the Netflix Defendants fabricated the April 2023 Production Script and accompanying metadata. Opp. at 10-11. That assertion will be easily refuted.

Following Phase 1 discovery, the Netflix Defendants would file an early summary adjudication motion on their prior independent creation defense, which could moot the need for discovery into other liability issues (and all damages issues) altogether.

Plaintiffs' alternative bifurcation proposal—that Phase 1 include all liability issues—would be inefficient and wasteful. Plaintiffs have already made clear that

they intend to seek irrelevant and burdensome discovery into liability issues that could be moot, including:

- Plaintiffs' speculative chain-of-title theory of access, which sweeps in at least nine potential intermediaries (most of whom are third parties, and none of whom are even alleged to have worked on *Rez Ball*), Mot. at 9 (citing Compl. ¶¶ 5-10, 22, 29, 36);
- Plaintiffs' copying allegations, which encompass myriad minute details of the production and post-production process, as previewed in the 544 Requests for Production, 168 Interrogatories, and 40 Requests for Admission propounded on the Netflix Defendants this week, and in Plaintiffs' portions of the Joint Rule 26(f) Report filed today (which list over 55 witnesses, including 45 third parties), *see id.* at 6; and
- Expert discovery into questions of substantial similarity, as indicated in the premature "expert" declaration submitted with Plaintiffs' Opposition, *see id.* at 9; Dkt. No. 45-2.

But Plaintiffs have no real response to the cases cited in the Motion making clear that where, as here, a threshold liability question could moot the need for discovery and litigation into other liability issues, bifurcation is appropriate. Mot. at 8, 13-14 (collecting cases); *see Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (citation omitted) ("[A] favored purpose of bifurcation is … avoiding a difficult question by first dealing with an easier, dispositive issue."); *Reed v. AutoNation, Inc.*, 2017 WL 6940519, at *7-8 (C.D. Cal. Apr. 20, 2017) (granting motion to file successive summary judgment motions because it would be "judicially economical to decide standing as a threshold issue").

Nor do Plaintiffs dispute that the Netflix Defendants' bifurcation proposal would cause them *zero* prejudice, since the Netflix Defendants are "not requesting any additional discovery, only that initial discovery that may foreclose later discovery proceed first." *Wixen Music Pub., Inc. v. Triller Inc.*, 2021 WL 4816627

at *4 (C.D. Cal. Aug. 11, 2021); *see* Mot. at 11.  To the contrary, if the Court orders bifurcation and grants summary judgment on prior independent creation grounds, then *all* parties would have saved "significant time and money."  *Moreno v. NBCUniversal Media, LLC*, 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013).

### III. CONCLUSION

Both parties agree that bifurcation is appropriate.  The Netflix Defendants respectfully request that the Court adopt the bifurcation proposal set forth in their Motion—i.e., order an initial discovery phase limited to evidence concerning the prior independent creation defense, and grant the Netflix Defendants leave to file an early summary judgment motion on their prior independent creation defense.

Dated:  March 21, 2025         O'MELVENY & MYERS LLP


By:    /s/ Molly M. Lens
          Molly M. Lens
Attorneys for Defendants
NETFLIX, INC.
CHERNIN ENTERTAINMENT, LLC
WISE ENTERTAINMENT, INC.
LAKE ELLYN ENTERTAINMENT, INC.
SPRINGHILL ENTERTAINMENT LLC
LEBRON JAMES
STERLIN HARJO
SYDNEY FREELAND

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for the Netflix Defendants certifies that this brief contains 2,348 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 21, 2025        O'MELVENY & MYERS LLP

By:   /s/ Molly M. Lens
         Molly M. Lens
Attorneys for Defendants
NETFLIX, INC.
CHERNIN ENTERTAINMENT, LLC
WISE ENTERTAINMENT, INC.
LAKE ELLYN ENTERTAINMENT, INC.
SPRINGHILL ENTERTAINMENT LLC
LEBRON JAMES
STERLIN HARJO
SYDNEY FREELAND