EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ROB GRABOW, an individual; PARADISE VALLEY PICTURES LLC, a Montana limited liability company,<br><br>    Plaintiffs,<br><br>    v.<br><br>NETFLIX, INC., a Delaware corporation, LEBRON JAMES, an individual; SPRINGHILL ENTERTAINMENT LLC, a Delaware limited liability company; CHERNIN ENTERTAINMENT, LLC, a Delaware limited liability company; WISE ENTERTAINMENT, INC. a California corporation; LAKE ELLYN ENTERTAINMENT, INC., a California corporation; STERLIN HARJO, an individual; SYDNEY FREELAND, an individual; BRIT HENSEL, an individual; and DOES 1-20, inclusive,<br><br>    Defendants. | Case No. 2:24-cv-09822-FLA-PDx<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>☐ Check if submitted without material modifications to PD form<br><br>*Judge:*  Fernando L. Aenlle-Rocha<br><br>Trial Date:         September 8, 2026 |

5806708.1

**STIPULATED PROTECTIVE ORDER**

1. INTRODUCTION

    1.1   PURPOSES AND LIMITATIONS

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential or highly confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential or highly confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

    1.2   GOOD CAUSE STATEMENT

    This action is likely to involve trade secret and other valuable commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is justified. Such confidential and proprietary information consists of confidential business or financial information, information regarding confidential business practices, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

    Due to the historical personal relationship between certain Parties to this action, this action may also involve highly confidential, highly personal and sensitive communications of an intimate nature, disclosure of which—even to other Parties to this action—would violate those Parties' privacy rights. For example,

Defendants Sterlin Harjo and Brit Hensel were in a long-term relationship and cohabitated for years, including during portions of the time period reasonably at issue in this case. Many of their communications involve highly personal and intimate matters that lie at the core of their constitutional right to privacy. While those matters are not relevant to the issues in this litigation, the Parties anticipate that, in the absence of a Highly Confidential-Attorneys' Eyes Only designation level, disputes may arise between the Parties regarding the proper scope of discovery that would likely result in the expenditure of significant Party and judicial resources in connection with discovery disputes, motion practice, and potentially the need for in camera review by the Magistrate Judge and the District Court.

To expedite the flow of information, to help with the prompt resolution of disputes over confidentiality of discovery materials and to protect adequately information the Parties have the right to keep confidential, to make sure the Parties are allowed reasonable necessary uses of such material to prepare for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for this information is justified in this action. It is the intent of the Parties that information will not be designated as confidential or highly confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record.

2. **DEFINITIONS**

2.1 <u>Action</u>: this pending federal lawsuit.

2.2 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4     Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.6     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8     "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things which belong to a Designating Party who believes in good faith that the Disclosure of such information to another Party or non-Party would create a substantial risk of serious personal or financial injury and/or invasion of privacy that cannot be avoided by less restrictive means.

2.9     House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12    Party: any Party to this Action, including all of its officers, directors,

employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13  Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15  Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.16  Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to

applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

    5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

    Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

    5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

    Designation in conformity with this Order requires:

    (a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

        A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection



and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate "CONFIDENTIAL legend" to each page that contains Protected Material.

(b) for testimony given in depositions the Designating Party may provisionally designate the entirety of the deposition testimony as "CONFIDENTIAL," with the obligation to identify more specific portions of testimony as to which protection is sought within 30 days following the receipt of the deposition transcript (or within the time otherwise agreed by the Parties).

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the appropriate "CONFIDENTIAL legend."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any deposition or non-trial hearing witness in the Action (including, for the avoidance of doubt, in preparation for such testimony) who previously did not have access to the CONFIDENTIAL Materials (including any counsel for such individuals), provided: (1) the witness signs the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions; and

(j) the Parties.

7.3    Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (c)  the Court and its personnel;

    (d)  court reporters and their staff;

    (e)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

    (f)  professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);" and

    (g)  any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

    (a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

    (b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification will include a copy of this Stipulated Protective Order; and

    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any information designated in this Action as "CONFIDENTIAL" or "HGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the

Designating Party's permission.  The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party will not produce

any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material, with the Court having the discretion to shift costs.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12. <u>MISCELLANEOUS</u>

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this



Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. Nothing in these provisions should be construed as prohibiting a Party from seeking additional protections.

  12.3 Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. <u>FINAL DISPOSITION</u>

  After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

Section 4 (DURATION).

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

DATED: 04/17/2025

_____
Devin A. McRae
Lisa L. Boswell
Sophia S. Lau
Rebecca L. Claudat
Attorneys for Plaintiffs
ROB GRABOW and PARADISE VALLEY PICTURES LLC

O'MELVENY & MYERS LLP

DATED: _____

_____
Molly M. Lens
Cassandra Seto
Nicole Billington
Attorneys for Defendants
Netflix, Inc., Chernin Entertainment, Llc, Wise Entertainment, Inc., Lake Ellyn Entertainment, Inc., Springhill Entertainment LLC, Lebron James, Sterlin Harjo, and Sydney Freeland

JASSY VICK CAROLAN LLP

DATED: _____

_____
Kevin L. Vick
Jordyn E. Ostroff
Attorneys for Defendant Brit Hensel



5806708.1

13

**STIPULATED PROTECTIVE ORDER**

Section 4 (DURATION).

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

DATED: _____     _____

Devin A. McRae
Lisa L. Boswell
Sophia S. Lau
Rebecca L. Claudat
Attorneys for Plaintiffs
ROB GRABOW and PARADISE VALLEY PICTURES LLC

O'MELVENY & MYERS LLP

DATED: 4/17/25     *[signature]*

Molly M. Lens
Cassandra Seto
Nicole Billington
Attorneys for Defendants
Netflix, Inc., Chernin Entertainment, Llc, Wise Entertainment, Inc., Lake Ellyn Entertainment, Inc., Springhill Entertainment LLC, Lebron James, Sterlin Harjo, and Sydney Freeland

JASSY VICK CAROLAN LLP

DATED: _____     _____

Kevin L. Vick
Jordyn E. Ostroff
Attorneys for Defendant Brit Hensel



5806708.1

13

**STIPULATED PROTECTIVE ORDER**

Section 4 (DURATION).

14. Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

DATED: _____      _____
Devin A. McRae
Lisa L. Boswell
Sophia S. Lau
Rebecca L. Claudat
Attorneys for Plaintiffs
ROB GRABOW and PARADISE VALLEY PICTURES LLC

O'MELVENY & MYERS LLP

DATED: _____      _____
Molly M. Lens
Cassandra Seto
Nicole Billington
Attorneys for Defendants
Netflix, Inc., Chernin Entertainment, Llc, Wise Entertainment, Inc., Lake Ellyn Entertainment, Inc., Springhill Entertainment LLC, Lebron James, Sterlin Harjo, and Sydney Freeland

JASSY VICK CAROLAN LLP

DATED: 04/17/2025      _____
Kevin L. Vick
Jordyn E. Ostroff
Attorneys for Defendant Brit Hensel

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: April 18, 2025

_____
HON. PATRICIA DONAHUE
United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [**date**] in the case of *Rob Grabow, et. al. v. Netflix, Inc., et. al.* (Case No. 2:24-cv-09822-FLA-PDx . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____



5806708.1

15
**STIPULATED PROTECTIVE ORDER**